UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEMAR ANDERSON,

                Plaintiff,

-against-

ALLISON WORLDWIDE, LLC, et al.,

                Defendants.

25-CV-05061 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction *sua sponte*.

      "It is firmly established that diversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (internal quotation marks omitted). Where a complaint premised on diversity of citizenship names a limited liability company as a party, the complaint must allege the citizenship of natural persons who are members of the limited liability company as well as the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company. *See Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000).

      "[A] statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing*, 87 F.3d at 47. There is no diversity jurisdiction if each side includes a citizen or subject of a foreign state. *See, e.g., Franceskin v. Credit Suisse*, 214 F.3d 253, 258 (2d Cir. 2000).

      The Complaint alleges that Defendant Allison Worldwide, LLC ("Defendant Allison") is "a limited liability global marketing and consultancy firm headquartered in the State of California with its primary place of business in the State of New York." Dkt. No. 1 ("Compl.") ¶ 40. The Complaint does not allege the citizenship of any member of Defendant Allison.

      **Within 45 days of this Order**, Plaintiff may file an Amended Complaint that expressly alleges the citizenship of all natural persons who are Defendant Allison's members, and, if any corporation is a member, the jurisdiction under whose laws it is incorporated and the principal place of business. Alternatively, Plaintiff may voluntarily dismiss Defendant Allison within 45 days of this Order.

If, by this date, Plaintiff either fails to amend to truthfully allege complete diversity of citizenship or does not voluntarily dismiss Defendant Allison, then the action will be dismissed for lack of subject matter jurisdiction without further notice to any party.

Dated: June 18, 2025
       New York, New York

                            SO ORDERED.

                            MARGARET M. GARNETT
                            United States District Judge